## Mary F. Pierson

*v.*

## Annie N. Chardavoyne et al.

[Argued February 13th, 1918.   Decided February 26th, 1918.]

1. Power to amerce a sheriff under *1 Comp. Stat. p. 428* § *49* is independent of amercement under sections 48 and 50, and penalty thereunder cannot be inflicted unless the sheriff has adjourned the sale more than twice, or exceeding one month for each adjournment; and other derelictions, such as failure to advertise, must be prosecuted under other sections.

2. Under section 49 the sheriff is not liable to amercement for wrongful adjournment of an execution sale where he made two adjournments of one month each, by adjourning from week to week, to preserve the integrity of the published notice of sale, and avoid readvertisement, such weekly adjournments being subservient to the two monthly adjournments.

3. Even if the sheriff's adjournments were excessive, he should not be amerced on motion on the day preceding the sale without opportunity to make the sale and be credited with the proceeds by bringing them into court before entry of judgment of amercement, especially where the plaintiff suffered no injury but delay, and the defendants were making efforts to pay the debt before sale.

On motion to amerce.

*Mr. Ellis L. Pierson,* for the complainant.

*Mr. William Nelson Runyon* and *Mr. William R. Wilson,* for the respondents.

Backes, V. C.

Motion is made to amerce the sheriff of Middlesex county on the ground that he adjourned the sale of land "more than twice without the consent of the complainant or her solicitor."

Section 49 of the Chancery act (*Comp. Stat. p. 428*) provides:

"If the sheriff or other officer shall neglect or refuse to execute any writ of *fieri facias* to him directed or delivered, for the space of two months, or shall adjourn the sale or vendue of the lands, tenements, hereditaments and real estate by him levied upon by virtue of such writ of *fieri facias*, more than twice or exceeding one month for each adjournment, he shall be and is hereby made liable to the amount of the debt or damages and costs, or sum or sums of money mentioned in the said writ, with interest, and for the recovery thereof may be amerced and proceeded against in the manner prescribed in and by the last preceding section of this act; provided, if the said sheriff or other officer shall, at any time before the entry of such amercement against him as aforesaid, sell the property levied upon, and bring the whole amount of the product of such sale (after deducting his lawful fees) into court, the said sheriff or other officer shall be exonerated from all liability on account of said amercement."

The sheriff advertised the sale to take place on January 2d, 1918, and on that day adjourned it for four weeks to January 30th, and thence for another four weeks to February 27th. He did not advertise the adjournments. In adjourning the sale twice, and each adjournment being for less than a month, the sheriff acted within his authority, and if he had advertised the adjournments there could have been no criticism of the legality of his acts. Paragraph 3 of the Sale of Land act vests in sheriffs the power to make adjournments from time to time, within limits, and by paragraph 5 he is limited to two, each not to exceed one month. *Comp. Stat. p. 4666.* These provisions have been part of our statutes since 1799. *P. L. 1799 p. 485.* Publication of the adjournments were not required (*Coxe* v. *Halsted, 2 N. J. Eq. 311*) until 1867, when what is now section 6 of our Sales of Land act was enacted. *P. L. 1867 p. 762.* Sections 48 and 50 of our Chancery act relating to amercement of sheriffs were a part of the Chancery act of 1799 (*P. L. 1799 p. 604*), while section 49, under which these proceedings were instituted, was introduced into the act in 1820. *P. L. 1820 p. 103.* The power to amerce under this section is exclusive and independent of the remedies provided by the other two, and under it the penalty cannot be inflicted unless the sheriff adjourned the sale "more than twice or exceeding one month for each adjournment." Other derelictions, such as failing to advertise adjournments, must be prosecuted under other sections, and upon notice specify-

ing the derelictions, and if the case rested here the complainant would be without standing on this motion as framed, the ground of which is, as already stated, and upon which she must stand or fall, that the sheriff adjourned the sale "more than twice without the consent of the complainant or her solicitor." *Stryker* v. *Merseles,* 24 N. J. Law 542.

But the whole story has not been told. Two days before the day advertised for the sale, the sheriff wrote to the complainant's solicitor that he would adjourn the sale "for one month, week by week." To this there was no protest. At the time the adjournments were made the sheriff announced that the sale would be adjourned for four weeks, week by week, and weekly thereafter he made public proclamation of the continuances. On January 12th the solicitor informed the sheriff that as he had made two adjournments he would insist upon the sale taking place on January 16th, the second intermediate adjourned day, and at that time the solicitor appeared and insisted that the sale be called, which the sheriff declined to do. The defendants were not present, nor anyone representing them. On the next continuance day, January 23d, a similar demand was made and refused, and on the following day notice of this motion was given and brought on for hearing on affidavit and proofs taken in open court. It has been for many years the practice with sheriffs— an old custom—to adjourn sales for a longer period than a week, by adjourning them from week to week to the fixed date within the month. This is done to save the costs of publishing the adjournments and is an unobjectionable procedure in the conduct of the sale, but upon proceedings to amerce for adjourning oftener than permitted by the statute, the question presented is whether the intermediate adjournments enter into the calculation. I am of the opinion that they do not. The adjournments proper were for four weeks each, and the intermediate adjournments were subordinate and subservient, serving to preserve the integrity of the publication of the notice of sale and to promote the title to be made thereunder.

If I have erred in this view, there is a further consideration why there should be no amercement, at least, not at this time. The sale is to take place to-morrow and the sheriff ought to be

allowed to avail himself of the benefit of the proviso of section 49 to sell the property and bring the proceeds into court to exonerate himself of liability, if any exists. For a violation of this section the infliction of the penalty is imperative, subject to the proviso under which it is possible for the sheriff to discharge himself by selling the property and bringing the proceeds into court before the entry of judgment, and where the time is not sufficient to enable him to accomplish this, he ought not to be foreclosed by the action of the court, unless it appears that he acted fraudulently or in wanton disregard of the rights of the complainant. The testimony discloses no abuse of authority on the part of the sheriff. The circumstances under which he exercised his discretion warranted his course. The mortgage under foreclosure was dated January 23d, 1917, payable in one year, with the usual thirty-day interest accelerating clause. The time for the payment of the first installment of interest expired on the 22d of August. The next day—one day too late—the defendants tendered the interest, but it was refused, and on the same day the bill was filed. This appears from the answer, which was properly stricken out as offering no defence to the complainant's right to prompt payment. The reason for filing the bill so promptly, as explained, was that the complainant regarded the land as scant security and feared loss by delay. No explanation, of course, was necessary; she was strictly within her rights, and it is only mentioned here to show the predicament in which it suddenly put the defendants. The solicitor who represented the defendants in the cause, a gentleman of high standing at the bar, applied to the sheriff for the adjournments, informing him of the efforts being made to raise the money to satisfy the *fi. fa.* and assuring him, or, perhaps, expressing his belief, that if the sheriff exercised his discretion and granted the adjournments for two months, the matter would be settled, at the same time giving it as his opinion that the property was ample security for the mortgage debt. Having full confidence in the solicitor, which I am sure was not misplaced, and feeling that a short extension would do the complainant no harm, and would help the defendants out of their difficulty, he promised to make the adjournments. The defendants, an aged couple, were striv-

ing hard to save their property, which is said to be worth considerably more than the amount of the mortgage, and they are confident of raising it before the sale. They have sufficient funds to bid the amount of the *fi. fa.* and to pay ten per cent. of the bid, and if they cannot place the loan elsewhere they have reasonable prospects of obtaining the money from a near relative. In open court they offered the complainant, as I recall, $1,500 or $2,000 if she would extend the time for six months, which she declined to do and which, of course, was her right. The value of the complainant's security remains unimpaired and she has suffered no injury except the inconvenience caused by the two months' delay in obtaining her money. Even if I had held that the sheriff was amerceable, I still would feel it my duty, under the circumstances, to await the outcome of the sale and to give him the opportunity to exonerate himself by bringing the product into court.

The motion will be denied, without costs.